

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| UAL CORPORATION, et al., ) | |
| ) | |
| Debtors/Appellees. ) | |
| ) | |
| ) | Case No. 05 C 2139 |
| UNITED AIR LINES, INC., et al, ) | |
| ) | |
| Appellees, ) | Honorable John W. Darrah |
| ) | |
| v. ) | |
| ) | |
| INDEPENDENT FIDUCIARY SERVICES, ) | |
| INC., ) | |
| ) | |
| Appellants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of Independent Fiduciary Services, Inc. ("IFS") for leave to appeal a ruling of the bankruptcy court of March 18, 2005.

United Air Lines, Inc., a debtor, filed for Chapter 11 protection on December 9, 2002. Prior to filing for bankruptcy, UAL had established four different pension plans (the "Plans") for different groups of UAL employees represented by six unions (the "Unions"). Each of the Plans was required to be maintained and funded pursuant to the terms of the respective collective bargaining agreements ("CBAs") with the Unions. The CBAs expressly described the benefits to be provided under the Plans, expressly required the Union's consent for any reductions in those benefits, and

expressly mandated that United maintain the Plans' qualified status under the Internal Revenue Code. Each of the Plans incorporated in the CBAs requires that UAL maintain the Plan and that UAL will make minimum funding contributions as required by the Internal Revenue Code.

Beginning in June 2004, United ceased making its minimum funding contributions. At that time, UAL did not invoke the bankruptcy code's procedure, 11 U.S.C. § 1113, for rejecting or modifying the CBAs. Subsequently, IFS was appointed as the independent fiduciary for UAL's pension Plans.

In November 2004, IFS filed a motion requesting the allowance of an administrative claim against UAL for the minimum funding contributions due to three Plans. UAL objected to IFS's motion. On March 18, 2005, the bankruptcy court announced its decision in open court. The bankruptcy court found that the parties did not dispute that, to the extent that the operation of UAL's business in bankruptcy had added to the amount that it was required to contribute, this additional obligation was an actual and necessary cost of doing business under Section 503(b)(1)(A) and, as such, was entitled to administrative priority over general pre-petition claims. The bankruptcy court held that only the portion of minimum funding contributions that "arose from services that [UAL's] employees performed during its bankruptcy case" qualified for administrative priority under Sections 503 and 507 of the bankruptcy code. However, UAL's obligations that arose from services performed before the bankruptcy was filed were general, unsecured claims not entitled to administrative priority.

IFS seeks to appeal the bankruptcy court's denial of its motion, arguing that all minimum funding contributions due and owing to UAL's Plans post-petition are entitled in their entirety to administrative expense priority. In essence, IFS argues that Section 1113 preempts the priority

scheme set forth in the bankruptcy code. Conceding that the bankruptcy court's ruling is not a final appealable order, IFS moves for leave to appeal the bankruptcy court's decision.

The district courts have discretion to hear appeals from interlocutory orders and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(3). Generally, courts apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under Section 158(a)(3). *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (*In re Brand Name*); *BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068 (N.D. Ill. Sept. 15, 2003) (*BA Leasing*). Section 1292(b) provides for appellate review of non-final orders when: (1) the order appealed involves a controlling question of law, (2) there is a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See In re Brand Name*, 878 F. Supp. at 1081. Leave to appeal an interlocutory order should not be granted absent exceptional circumstances, and granting such an appeal should be done sparingly. *See In re Brand Name*, 878 F. Supp. at 1081; *BA Leasing*, 2003 WL 22176068, at *5.

IFS argues that the question before this Court – whether, when a collective bargaining agreement has not been rejected or modified under Bankruptcy Code Section 1113, contribution obligations that become due under that agreement post-petition are entitled to administrative expense priority (in other words, whether Section 1113 preempts the priority scheme set forth in the bankruptcy code) – presents a controlling question of law. This legal question is controlling because, if resolved in IFS's favor, it would end the need for discovery, briefing, argument or hearing as to the determination of exactly what portion of the minimum funding contributions is attributable to benefits earned post-petition. Furthermore, deciding the issue would greatly impact

3

the bankruptcy case in general because, if the issue is resolved in IFS's favor, IFS would have substantial administrative expense claims impacting the formation and confirmation of a plan of reorganization and on the financing for the exit from bankruptcy.

IFS also argues that there is a substantial ground for difference of opinion on the issue before the Court. In determining whether there are substantial grounds for a difference of opinion with respect to the issue before the court, the court must determine whether there is a difficult central question of law which is not settled by controlling authority of the sitting court. *See In re Brand Names*, 878 F. Supp. at 1081.

The Seventh Circuit has not addressed the issue regarding the effect of Section 1113 on the priority of claims arising under the CBA in bankruptcy cases. Other courts have split on the issue. Some courts, consistent with IFS's argument, have found that Section 1113 preempts the priority scheme set forth in the bankruptcy code. *See e.g., In re Unimet Corp.*, 842 F.2d 879, 884 (6th Cir. 1988); *In re WCI Steel, Inc.*, 313 B.R. 414, 418 (N.D. Ohio 2004); *Eagle, Inc. v. Local No. 537 of the United Assn. of Journeymen & Apprentices of the Plumbing & Pipe Fitting Ind. of the U.S. & Canada*, 198 B.R. 637, 639 (D. Mass. 1996); *In re Acorn Build. Components, Inc.*, 170 B.R. 317, 321 (E.D. Mich. 1994). However, the majority of courts, consistent with UAL's argument and the bankruptcy court's ruling, have found that Section 1113 does not preempt the priority scheme set forth in the bankruptcy code. *See e.g., Adventure Resources Inc. v. Holland*, 137 F.3d 786, 797 (4th Cir. 1998); *In re Ionosphere Clubs, Inc.*, 22 F.3d 403, 406 (2nd Cir. 1994); *In re Roth American, Inc.*, 975 F.2d 949, 956 (3rd Cir. 1992); *In re Fleming Packaging Corp.*, 2004 WL 2106579

(C.D. Ill. Aug. 31, 2004); *In re Certified Air Tech., Inc.*, 300 B.R. 355, 369 (C.D. Cal. 2003). Based on the above, there is a central question of law which is not settled by controlling authority of the sitting court.

Lastly, an immediate appeal from the bankruptcy court's order may materially advance the ultimate termination of the litigation. As stated above, deciding the instant issue would greatly impact the bankruptcy case. Whether the present issue was correctly decided impacts the extent and type of discovery needed, and resolution of the issue may eliminate the need of certain discovery. If the issue is resolved in IFS's favor, IFS would have substantial administrative expense claims impacting the formation and confirmation of a plan of reorganization and on the financing for the exit from bankruptcy.

For the foregoing reasons, IFS's Motion for Leave to Appeal is granted.

Date: June 29, 2005

John W. Darrah, Judge
United States District Court